JO ANN O'CONNOR
ROBERT H. O'CONNOR
75940 NELSON LANE
PALM DESERT, CA 92211



3123 Hillside Drive
Burlingame, CA
94010

US DISTRICT COURT OF NOTHERN DISTRICT OF CALIFORNIA

JCS

| | |
|---|---|
| JO ANN O'CONNOR, a woman<br>ROBERT H. O'CONNOR, a man<br>*Plaintiff*<br><br>vs.<br><br>CAPITAL ONE;<br>*Defendant* | CASE NO: CV-14 0209<br><br>VERIFIED COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

**COMES NOW,** the Plaintiff **JO ANN O'CONNOR AND ROBERT H. O'CONNOR** complaining of the defendant(s) and each of them as follows;

### INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the Fair Credit Reporting Act, 15 USC§1681, Fair Debt Collection Practices Act, 15 USC§1692, Rosenthal Consumer Protection Act, and Defamation of Character respectively.

I.                       **THE PARTIES**

2. Plaintiff "**JO ANN O'CONNOR AND ROBERT H. O'CONNOR**" is now and at all times relevant to this action an American National. Plaintiff is a "consumer" as that term is defined within 15 USC§1692a(3).

3. Defendant "**CAPITAL ONE**" ("Debt Collector") is a limited liability corporation formed under the laws of the state of **California**. It has a principle place of business located at **1680 CAPITAL ONE DR., MCLEAN, VA 22102** Defendant **CAPITAL ONE** are "debt collectors' as that term is defined by 15 USC§1692a(6).

**II.**                    **JURIDICITION AND VENUE**

4. The US District Court of **CALIFORNIA** has jurisdiction pursuant to 15 USC§1692 *et,* al, and 15 USC§1681p *et,* al, and the court has jurisdiction over Plaintiffs tort state claims. Venue is proper as the Plaintiff currently resides in **CALIFORNIA**. Therefore venue is proper in the US District Court of **CALIFORNIA**.

**III.**                    **FACTUAL ALLEGATIONS**

5. Plaintiff brings this action regarding defendants and each of them continued to attempt to collect an alleged debt defendants claim is owed to them. However Plaintiff is without knowledge of the alleged debt defendants purport to claim is owed.

6. On or about **May 3, 2013**, Plaintiff received a dunning notice (request for payment) from defendant **"CAPITAL ONE"** (*see,* attached "Exhibit A"). The dunning notice makes numerous claims by the defendant(s) to Plaintiff regarding an alleged loan, mortgage, and or Deed of Trust. Consequently, Plaintiff is without an specific knowledge and evidence that support defendant's claims and allegations.

7. On or about **July 29, 2013**, Plaintiff served upon them Notice of Validation of Debt pursuant to 15 USC§1692, FDCPA. (*see,* attached "Exhibit B") The notice required the defendant "debt collector" to validate/verify their alleged debt pursuant to 15 USC§1692g

8. As of this date the plaintiff received has not received a response to any of their request from the defendant

9. On **November 22, 2013**, Plaintiff obtained a copy of his consumer credit report from the three (3) major reporting credit bureaus Equifax, Experian, and Transunion. Plaintiff discovered defendant **CAPITAL ONE** is reporting this alleged

debt to all three credit reporting agencies. Plaintiff on or around **November 22, 2013,** immediately filed a dispute with the credit agencies pursuant to 15 USC§1681, the FRCA. At the time of this filing erroneous information remains on my report.

10. Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting by each of the defendant(s).

11. The above-detailed conduct by each of the Defendants has more to do with their deceptive and illegal acts in their attempt to collect an alleged debt, as opposed to any determined legitimacy of their alleged debt. The FDCPA, FCRA, and **CALIFORNIA** Consumer Protection Laws relates to the defendants even if they were collecting a legitimate debt. Plaintiffs asserts for the record Plaintiff asserts neither defendants are creditors. Neither did either defendant provide any credit to Plaintiff. Notwithstanding each of the defendants are "debt collectors pursuant to 15 USC§1692a(6). Plaintiffs allege the FDCPA state in part;

The term "debt collector" means any person who uses any instrumentality of Interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or du or asserted to be owed or du another. **Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.**
For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests.

12. Plaintiff therefore seeks damages as result of defendant's acts.

**IV.**                                **FIRST CAUSE OF ACTION**

## VIOLATION OF 15 U.S.C.§1681i FAIR CREDIT REPORTING ACT
(DEFENDANT)

13. Paragraph 1 – 13 are re-alleged as though fully set out herein.

14. Plaintiff is "consumer" within the meaning of the FCRA, 15 U.S.C.§1681a(c).

15. Defendant is a "DEBT COLLECTOR" are credit furnishers" within the mean of the 15 U.S.C.§1681a(c). 15 U.S.C.§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his/her credit information history, FCRA, 15USC§1681s-2(a)(1)-(3). Plaintiff consumer credit report is a consumer report within the mean of 15 U.S. C.§1681a(d).

16. The FCRA, 15 U.S.C 1681s-2(b) has obligations regarding credit furnishers to investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute' from the consumer pursuant to 15 U.S.C.§1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under 15 U.S.C.§1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

> (1) to conduct "an investigation" with respect to the disputed Information;

>(2) to "review all relevant information" provided by the Credit reporting agency;
>(3) to "report the results of its investigation" back to the credit reporting agency;
>(4) if the investigation finds the existing information is incomplete or inaccurate, to report back to those results to each of the consumer reporting agencies to who the furnisher originally communicated information about the consumer; and
>(5) to "modify,....delete....or permanently block" the Reporting of any item of information found to be Inaccurate after a reinvestigation. 15 U.S.C.§1681s-2(b)(1)

17. In 15 U.S.C.§1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does not trigger a furnisher's duty to reinvestigate under 15 U.S.C.§1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation *under the FCRA* to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA Such a dispute, it should be noted, likely does create a legal obligation under 15 USC§1692g of the FDCPA which Plaintiff served upon defendant "**CAPITAL ONE**".

18. Plaintiff notified Defendant DEBT COLLECTOR of its dispute by fax , and defendant DEBT COLLECTOR also received notice from the three major credit reporting agencies Equifax, Experian, and Transunion. Defendant "**CAPITAL ONE**" failed to delete information found to be inaccurate and erroneous, and/or failed to property investigate the Plaintiff's disputes.

19. Plaintiff alleges that at all relevant times Defendant DEBT COLLECTOR failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating

15 U.S.C.§1681 e(b). Plaintiff alleges that Defendant "PDF" failed to conduct a proper and lawful reinvestigation.

20. All action taken by the Defendant "DEBT COLLECTOR" and Equifax, were done n malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or their actions were taken in violation of the FCRA and state law and/or they knew or should have known that their action were in reckless disregard of the FCRA and state law. Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

21. All of the violations of the FCRA proximately caused the injuries and the damages to Plaintiffs as set forth in this Complaint. The FCRA requires the following of the Defendant Equifax;

(1) Prompt Notice of Dispute to Furnisher of Information

    (A) *In general.* Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1) the agency shall provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller.

    (B) *Provision of other information.* The consumer reporting agency Shall promptly provide to the person who provided the information in dispute That is received by the agency from consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A)

(2) *Consideration of consumer information.* In conducting any reinvestigation under paragraph (1)(A) with respect to such disputed information.

(3) Treatment of Inaccurate or Unverifiable Information

(A) *In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

22. Plaintiff has been significantly harmed by defendant "CAPITAL ONE" due to the erroneous reporting of the alleged debt. Due to defendants acts, Plaintiff has suffered damages that led to multiple denials of credit. The multiple denials of credit were a direct reflection of defendants erroneous credit reporting. Plaintiffs credit based on a deteriorated credit score and credit worthiness. Defendant negligent and noncompliant acts may have been direct violation of 15 USC§1681(n) and 15 USC §1681(o) respectively.

23. Therefore, Plaintiff demands judgment for damages against Defendant "DEBT COLLECTOR" for actual damages, punitive damages, and statutory damages of $1,000.00 attorney fees, and costs pursuant to 15 USC§1681(n) and 15 USC§1681(p).

V.                           **THIRD CAUSE OF ACTION**
                                   **INVASION OF PRIVACY**
                                         (DEFENDANT)

24. Paragraph 1 – 25 are re-alleged as though fully set out herein.

25. Defendant **"CAPITAL ONE"** is a "debt collector" and a stranger to the Plaintiff. Plaintiff has no contractual relationship with defendant **"CAPITAL ONE"** and has never applied for credit or services with the defendant.

26. Plaintiff's right to privacy are also an enumerated Constitutional right, both in the State and Federal Constitution. Plaintiff has been damaged in that their proprietary, confidential, most personal information was unlawfully and illegally breached by defendant "DEBT COLLECTOR". Importantly Plaintiffs are most concerned with the fact that Plaintiff "did not" provide their social security number to either defendant "DEBT COLLECTOR". Plaintiff support this assertion by the mere fact that no credit, application or services was applied nor received from the defendant "DEBT COLLECTOR".

27. Plaintiff has a right to discovery, to determine where Defendant obtained their personal, private information from. Specifically Plaintiff will investigate through discovery where defendant obtained Plaintiffs social security number from, and what additional proprietary information was obtained by the defendant illegally and unlawfully, and how that information is being used. Defendant DEBT COLLECTOR may also be guilty of identity theft under state and federal law.

28. Therefore defendant **"CAPITAL ONE"** is liable to Plaintiff for actual punitive, consequential, compensatory damages in an amount determine at trial or by the court.

**VI.           FOURTH CAUSE OF ACTION
NEGLIGENT, WANTON, AND/ORINTENTIONAL HIRING
AND SUPERVISION OF INCOMPETENT EMPLOYEES OR
AGENTS, AND**
(DEFENDANT)

29. Paragraph 1 – 61 are re-alleged as though fully set out herein.

30. Defendant **"CAPITAL ONE"** was aware of their wrongful conduct in creating an alleged debt Plaintiffs are not obligated to, or are not able to discern the amount and character of the alleged debt. Defendant knew and approves of its incompetent employees and agents, attorney debt collectors, repossession agents, and debt collection against the Plaintiff. Defendant **CAPITAL ONE** negligently, wantonly,

and/or intentionally hired, trained, retained, and/or supervised incompetent debt collectors in defendant **CAPITAL ONE** is therefore responsible and liable to the plaintiff for the wrongs committed against them, and the substantial damages suffered by Plaintiffs.

31. Therefore Plaintiffs is entitle to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

## VII. SIXTH CAUSE OF ACTION
## VIOLATION OF 15 USC 1692, FAIR DEBT COLLECTIONS PRACTICES ACT

32. Paragraph 1 – 41 are re-alleged as though fully set out herein.

33. All paragraphs of the Complaint are expressly adopted and incorporated herein as if fully set forth herein.

34. Plaintiff is "consumer" as defined in 15 USC§1692a(3). Defendants "**CAPITAL ONE**" are 'debt collectors" as defined in 15 USC§1692a(6). Defendants were attempting to collect a debt for "household purposes" 15 USC§1692a(5).

35. Plaintiffs served defendant and each of them were served notice with a Notice of Dispute in compliance with 15 USC§1692g. 15 USC§1692g requires defendant to provide Plaintiffs with verification of the alleged debt once received. 15 USC§1692g(5)(b) requires defendant to cease all collections activity until the debt collector obtains verification of the alleged debt. Defendants and each of them has §failed to provide one scintilla of proof of their alleged debt. However defendants continue to make attempts at collection of the alleged debt through erroneous credit reporting, and illegal acts of foreclosure.

36. Defendants violated the FDPCA, and caused damages to Plaintiff by their failure to comply with the Act. Defendant's violation include, but are not limited to the following:

    a. Defendant violated 15USC§1692d of the FDCPA by engaging in conduct that natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

    b. Defendant violated 15USC§1692(j) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;

    c. using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 USC§1692f;

    d. Defendant violated the 15 USC§1692(e)(8) requires debt collectors to communicate to the disputed stats of a debt if the debt collector "knows or should know" that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when the knowledge is "acquired."

37.    Specifically defendant "DEBT COLLECTOR" knew it was not entitled to collected on the non-existent debt.

38.    Defendants were fully aware that each of them were/are unable to provide performance contract executed by Plaintiff, whereby Plaintiff are obligated to defendants.

39.    Therefore defendants are liable to Plaintiffs for damages to their consumer credit report which resulted in higher auto insurance premiums, higher interest rates, emotional, mental stress, insomnia, embarrassment, loss of sleep, anxiety, and other related damages due to defendant's act.

Dated: January 10, 2014

                                                      JO ANN O'CONNOR, *Plaintiff*

                                                      ROBERT H. O'CONNOR, *Plaintiff*

# EXIHIBIT A

7-752-51076-0000698-001-02-000-000-000-000

**Capital One**

Capital One N.A.
PO Box 21887
Eagan, MN 55121

JO ANN OCONNOR
330 PRIMROSE RD STE 216
BURLINGAME CA 94010-4026

MAY 03, 2013

Reference: 0554191387
75940 NELSON LANE
PALM DESERT CA 92211

Dear JO ANN OCONNOR:

Your mortgage payment is now 60 days or more past due and your loan may be referred to foreclosure. We have tried to contact you previously to make you aware of the foreclosure prevention options that may be available to you - in case you are unable to bring your payments current.

## We Are Here to Help You

It is critical that you work with us on a resolution for any issues that affect your ability to make timely mortgage payments, whether your challenges are temporary or long term. The sooner you respond, the more quickly we can determine whether you qualify for assistance.

## Options May Be Available

The right option for you depends on your individual circumstances. If you provide all required information and documentation about your situation, we can determine if you qualify for temporary or long-term relief, including solutions that may allow you to stay in your home (refinance, repayment, forbearance, loan modification) or leave your home while avoiding foreclosure (short sale or deed-in-lieu of foreclosure).

For more details, please see the attachment on Avoiding Foreclosure.

## Send Us the Information We Need to Help You

Requesting help is the first step. Start by providing information and documentation to help us understand the challenges you are facing. To do this, follow the detailed instructions on the attached Homeowner Checklist to complete and submit your Borrower Assistance Package to us.

Once we have received and evaluated your information, we will contact you regarding your options and next steps.

## Learn More and Act Now

For more information, please see the Frequently Asked Questions and other information provided with this letter.

To obtain confirmation that your application has been received by Capital One, you may call 877-230-8516. You may contact us at this number if you have other questions or would like to discuss issues regarding other types of income or inability to locate required documents.

Sincerely,
Capital One Home Loans

---

**TO RECEIVE HELP WITH YOUR MORTGAGE, YOU MUST ACT BY June 2, 2013**

1. See the instructions on the Homeowner Checklist
2. Review:
   - Avoiding Foreclosure
   - Frequently Asked Questions
   - Beware of Foreclosure Rescue Scams
3. Submit required Borrower Assistance Package:
   - Borrower Assistance Form (attached)
   - IRS Form 4506T-EZ (attached)
   - Income Documentation (described on Borrower Assistance Form)
   - Hardship Documentation (described on Borrower Assistance Form)

**If you need assistance, contact us immediately at:
877-230-8516**

# EXIHIBIT B

# BUTLER, PHELPS, KAUFMAN

## ASSOCIATES

P.O. Box 91053
Henderson, NV  89009
888-250-6713 - Office
888-250-5074 - Fax

July 29, 2013

JoAnn O'Connor
**Acct. #0554191387**
75940 Nelson Lane
Palm Desert, CA. [92211]

Capital One Home Loans
**Attn: Foreclosure Department**
1680 Capital One Dr.
McLean, VA  22102

Re: Discrepancy/Pending Foreclosure

To Whom It May Concern:

The above-named homeowner(s) has hired us to assist them in resolving their discrepancy with the purported lender, who claims to be owed money by the homeowner for a loan number **0554191387**, for the purchase of their property located at **75940 Nelson Lane, Palm Desert, CA. [92211]**.

Please be advised that this letter is our **formal dispute in this matter as well as our formal request for the information requested**; which will provide us clarity on the purported loan with the original lender on the according to the deed of trust.

Please provide us with a copy of loan document(s), a copy of the cancelled check with our client endorsement, and bank stamp indicating that it was received, and cashed by our client, a copy of the wire transfer showing these funds being wired into our clients account at the time of the transaction, or any other documentation that you might have that would substantiate the claim that a loan was given, and received by our client.

You should know that as we have a third-party authorization and/or a Power of Attorney (copy attached), you have no legal justification for failing to provide us with this information if it actually exist.

Please be advised that **your claim is now in dispute**, and we expect you to act in good faith, abiding by the Fair Debt Collection Practices Act and Fair Debt Credit Reporting act, by postponing, cancelling, and/or suspending any and all schedules sales on the property until this discrepancy is resolved without recourse.

You should know that a copy of this document, and all other correspondence will be recorded in the county recorder's office where the property is located as a matter of record.

Please ensure that all responses contain a name, title, contact phone, and fax number of a qualified point of contact, as our questions are specific in nature and we are aware that not just any customer service representative will be able to address any further concerns which might arise.

We expect your response to our request within twenty-one (21) days from the date of this letter.

If there is a pending sale date on this property we again expect you to act in good faith and abide by your legal obligation to advise the trustee, and any other pertinent party of this discrepancy, instructing them to immediately cease, and desist any foreclosure sale until further written notification.

Please be advised if you are the trustee, attorney or debt collector acting on behalf of the purported lender, and move forward with a sale regardless of your receipt of this notification, you will be held liable to the fullest extent of the law.

If for any reason you are unable or refused to provide us with the requested documentation please supply us with written correspondence explaining your denial of our request.

Thank you for your prompt attention, understanding, and cooperation regarding this matter.

Sincerely,

*Kimberly Johnson*

Butler, Phelps, Kaufman & Associates

## CERTIFICATE OF SERVICE

I certify that a copy of this Summons and Complain will be served upon defendant(s) party listed below in compliance with FRCP Rule -4

CAPITAL ONE
2710 GATEWAY OAKS DR., STE. #150N
SAN FRANCISCO, CA 95833

JO ANN O'CONNOR
ROBERT O'CONNOR
75940 Nelson Ln
Palm Desert, Ca. 94010

      US DISTRICT COURT OF _____

| | |
|---|---|
| **CAPITAL ONE, N.A.** <br> *Alleged Plaintiff* | ) CASE NO: <br> ) <br> ) <br> ) |
| vs. <br> **JO ANN O'CONNOR,** <br> **ROBERT H. O'CONNOR** <br> *Defendant in Error* | ) <br> ) **CONSUMER NOTICE OF** <br> ) **DISPUTE OF DEBT** <br> ) <br> ) |

    **JO ANN O'CONNOR AND ROBERT H. O'CONNOR**, pursuant to 15 USC§1692g, Fair Debt Collection Practices Act ("FDCPA) hereby disputes the alleged debt Plaintiff claims in the above titled matter. Therefore this Notice shall be deemed a request/demand for "verification" and debt validation request as defined by 15 USC§1692(g)(1)(2)(5)(b) and CALIFORNIA Consumer Protection Statutes/Laws.

    Defendant **JO ANN O'CONNOR AND ROBERT H. O'CONNOR** hereby requests validation pursuant to 15 USC§1692. Specifically, I dispute as to the identity of the true owner (if any) of the alleged debt, the alleged amount due, and owing, I dispute all signatures appearing on the Plaintiff's unauthenticated hearsay documents, and the plaintiffs alleged authority and capacity to collect and or sue on behalf of the same. Alleged Plaintiff and "debt collectors" as that term is defined by 15 USC§1692a (6).

Defendant **JO ANN O'CONNOR AND ROBERT H. O'CONNOR** is a "consumer" as that term is defined by 15 USC§1692a (3). Plaintiff **CAPITAL**

**ONE, N.A.** is attempting to collect a "household debt" as that term is defined by 15 USC§1692a (5).

Lastly Defendants reviewed their consumer credit reports upon viewing whereby it was revealed alleged Plaintiff **CAPITAL ONE, N.A.** is reporting an alleged mortgage debt account.  I request Plaintiff to delete the in accurate information immediately pursuant to 15 USC§1681 et, al. Parties must comply with the request timely and completely.  Failure to provide the above documentation will result in Defendant **JO ANN O'CONNOR AND ROBERT H. O'CONNOR** filing a counterclaim for damages.

Dated: January 10, 2014

*[signature]*
JO ANN O'CONNOR, *Defendant*
3123 Hillside Dr.
Burlingame, Ca.  94010

*[signature]*
ROBERT H. O'CONNOR, *Defendant*

## CERTIFICATION OF SERVICE

I certify that the above document styled Notice of Dispute was served upon the defendant name below by US First Class Mail;

CAPITAL ONE , N.A.
C/O CSC – LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DR., STE 150N
SACRAMENTO, CA 95833